UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ria Guerra,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>Bay Area Credit Service,<br><br>　　　　　　　Defendant. | Civil Action No.: 4:09-cv-40127(TSH) |

**FIRST AMENDED COMPLAINT**

For her First Amended Colaint, the Plaintiff, Ria Guerra, by undersigned counsel, states as follows:

**JURISDICTION**

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

3.  Plaintiff, Ria Guerra (hereafter "Plaintiff"), is an adult individual residing at Worcester, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Bay Area Credit Service (hereafter "Defendant"), is a foreign limited liability company with a principal place of business at 1901 W. 10th Street, Antioch, CA 94509, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Defendant called the Plaintiff multiple times a day for several weeks in a row.

10.     The Defendant used abusive language while communicating with the Plaintiff.

11.     The Defendant threatened to garnish the Plaintiff's wages.

12.     The Defendant threatened to sue the Plaintiff without an intention to do so.

13.     The Defendant contacted the Plaintiff's previous place of employment regarding the Plaintiff's debt.

14.     The Plaintiff mailed written notification to the Defendant to cease calls.

15. A collector identified by the name of "Alice Brown" failed to provide Plaintiff with the "mini-Miranda" warning prior to engaging the Plaintiff in a telephone conversation.

16. In a telephone conversation with the Plaintiff, "Alice Brown" acknowledged receipt of notice to cease calls to the Plaintiff, but claimed that she placed the call anyway to "give a last chance to settle" Plaintiff's account.

17. A collector identified by the name of "Gabrielle Nelson" engaged the Plaintiff in a telephone conversation without notifying the Plaintiff that the call was being recorded. Ms. Nelson failed to obtain Plaintiff's consent to record the conversation.

18. A collector identified by the name of "Ralph Cooper" failed to provide the Plaintiff with the "mini-Miranda" warning prior to engaging the Plaintiff in a telephone conversation.

19. Mr. Cooper engaged the Plaintiff in a telephone conversation without notifying the Plaintiff that the call was being recorded. Mr. Cooper failed to obtain Plaintiff's consent to record the conversation.

20. The Defendant contacted the Plaintiff at work after the Plaintiff notified the Defendant to cease calls to her at work.

21. The Defendant failed to send the Plaintiff a validation letter.

22. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

26. The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

27. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

28. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. The Defendant threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

30. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

31. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

33. The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

34. The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

35. The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

36. The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

37. The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

38. The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

39. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Defendant employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

43. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

47. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls several times per day, abusing the Plaintiff with condescending and obscene language, and threatening legal action.

48.  The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

49.  The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50.  As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

51.  All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **COUNT IV**
### **UNAUTHORIZED RECORDING - MASS. ANN. LAWS CH. 272 § 99**

52.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.  Defendant utilized a "wire communication" to communicate with the Plaintiff.

54.  Defendant used and "intercepting device" to record conversations with the Plaintiff without the Plaintiff's knowledge or consent in violation of Mass. Ann. Laws Ch. 272 § 99(C)(5).

55.  The Defendant recorded the contents of all conversations, but did not advise Plaintiff each time that the call is being recorded.

56. The Plaintiff is an "aggrieved person" because several conversations between her and Defendant were surreptitiously recorded without her knowledge or consent.

57. The Defendants recorded conversations with the Plaintiff without receiving

58. Plaintiff's consent, and thus willfully committed an interception of oral communication in violation of Mass. Ann. Laws Ch. 272 § 99(C)(1).

59. By reason of the foregoing Plaintiff is entitled to damages and civil remedies provided for by Mass. Ann. Laws Ch. 272 § 99(Q).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Civil Damages under MASS. ANN. LAWS CH. 272 § 99;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

5. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

6. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 4, 2010

          Respectfully submitted,

          By <u>/s/ Sergei Lemberg</u>
          Sergei Lemberg, Esq.
          LEMBERG & ASSOCIATES L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile:  (877) 795-3666
          Attorneys for Plaintiffs
          B.B.O. No. 650671

**Certificate of Service**

  I hereby certify that on this the 4th day of June, 2010, a copy of the foregoing Plaintiff's First Amended Complaint was filed with the clerk of the Court via the Court's ECF case management system which sent notice of such filing to the following:

  Jonathan Elliot, Esq.
  **Zeldes Needle & Cooper PC**
  Bridgeport, CT 06604
  203-333-9441
  Fax: 203-333-1489
  Email: jelliot@znclaw.com
  *Attorney for Defendant*

  Steven S. Broadley, Esq.
  **Posternak, Blankstein & Lund**
  Prudential Tower
  800 Boylston Street
  Boston, MA 02199-8004
  617-973-6100
  Fax: 617-722-4909
  Email: sbroadley@pbl.com
  *Attorney for Defendant*

              /s/ Sergei Lemberg
              Sergei Lemberg, Esq.